## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAITLIN RICCIO, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br><br>-against-<br><br><br>FIRSTSOURCE ADVANTAGE, LLC, and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.: _____<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND DEMAND**<br>**FOR JURY TRIAL** |

Plaintiff, CAITLIN RICCIO, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants: FIRSTSOURCE ADVANTAGE, LLC ("FIRSTSOURCE"); and JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person residing in Ocean County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      FIRSTSOURCE is a foreign business with offices located at 205 Bryant Woods S, Buffalo, New York 14228.

8.      Upon information and belief, FIRSTSOURCE uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      FIRSTSOURCE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from FIRSTSOURCE between September 28, 2019 and September 28, 2020, concerning a debt owed on an American Express account, which included the alleged conduct and practices described herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* Exhibit C, D and E, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a.    Whether the Defendants violated various provisions of the FDCPA.

b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

• Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

• Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

• Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

• A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

• A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small

claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    On or before February 20, 2020, Plaintiff incurred a financial obligation to American Express.  ("AMEX").

16.    On or before February 20, 2020, the AMEX account was referred to Alltran Financial, LP, ("ALLTRAN")  for the purpose of collection.

17.    On February 20, 2020 ALLTRAN caused to be mail a letter addressed to Plaintiff attempting to collect the AMEX obligation. A copy of said letter annexed hereto as Exhibit A.

18.    On February 28, 2020, Plaintiff through her undersigned attorney, sent a letter to ALLTRAN disputing the alleged debt and requested verification, and instructed ALLTRAN to cease and desist all direct communication with Plaintiff.

19.    On July 7, 2020, AMEX caused to mail a letter to Plaintiff addressed to:

CAITLIN RICCIO
c/o JONES, WOLF & KAPASI, LLC ATTORNEY AT LAW

375 PASSAIC AVE STE 100
FAIRFIELD, NJ 07004-2000

A copy of said letter is annexed hereto as Exhibit B.

20.     375 Passaic Avenue, Suite 100, Fairfield, NJ 07004 is the address for the undersigned attorney.

21.     On or before September 8, 2020, AMEX placed the AMEX debt with FIRSTSOURCE for the purpose of collections.

22.     FIRSTSOURCE is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

23.     At the time the AMEX account was referred FIRSTSOURCE, said account was past due.

24.     At the time the AMEX account was referred FIRSTSOURCE, said account was in default.

25.     The AMEX debt arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

26.     The AMEX debt did not arise out of a transaction that was for business purposes.

27.     The AMEX obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

28.     AMEX is a "creditor" as defined by 15 U.S.C. § 1692a(4).

29.     FIRSTSOURCE caused to be delivered a letter dated September 8, 2020, which was addressed to Plaintiff, attempting to collect the AMEX obligation. A copy of said letter annexed hereto as Exhibit C.

30.     The September 8, 2020 letter was addressed as follows:

CAITLIN RICCIO
c/o JONES, WOLF & KAPASI, LLC ATTOR
375 PASSAIC AVE STE 100

FAIRFIELD, NJ 07004-2000

31.    375 Passaic Avenue, Suite 100, Fairfield, NJ 07004 is the address for the undersigned attorney.

32.    At the time FIRSTSOURCE, mailed the September 8, 2020 letter,, FIRSTSOURCE knew that Plaintiff was represented by an attorney.

33.    Upon receipt, the September 8, 2020 letter was forwarded to Plaintiff.

34.    Upon receipt, Plaintiff read the September 8, 2020 letter.

35.    The September 8, 2020 letter was the initial communication between FIRSTSOURCE and Plaintiff.

36.    The September 8, 2020 letter do not contain a validation notice as set forth in 15 U.S.C. §1692g(a) *et seq.*

37.    The September 8, 2020 letter stated in part:

Statement Date: 09-08-2020
Creditor: American Express
Our Reference # xxxxx963
American Express Account Ending In#: xxxxxxxx41004
Total Balance Due: $16,908.33

**Opportunity to Regain Card Membership**
**Call for Details**

Dear CAITLIN RICCIO:

American Express has authorized us to make you a special offer. American Express values your previous relationship and would like to offer you the opportunity to regain Card Membership. You have been selected to received an Optima Card application if you pay your balance in full on the American Express account referenced above.

After you pay your balance in full, American Express will send you an application for the new Optima Card.  Your application will be approved by American Express unless:

- You have an active bankruptcy at the time of your application

- You have accepted another offer for an Optima card account from a different agency or from American Express.

- You have an active American Express account.

- American Express determines that you do not have the financial capacity to make the minimum payment on this new Optima Card account.

If you'd like to know more about this offer, please call 1-877-426-5514 or login to our website at www.myadvantagefsa.com....

Act now and call us today to make payment arrangements on your account.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose....

38.     On September 15, 2020, FIRSTSOURCE caused to be mailed directly to Plaintiff a letter attempting to collect the AMEX debt. A copy of said letter is annexed hereto as Exhibit D.

39.     At the time FIRSTSOURCE sent the September 15, 2020 directly to Plaintiff, FIRSTSOURCE knew that Plaintiff was represented by an attorney.

40.     At the time FIRSTSOURCE sent the September 15, 2020 directly to Plaintiff, FIRSTSOURCE knew or should have known that Plaintiff was represented by an attorney.

41.     Upon receipt, Plaintiff read the September 15, 2020 letter.

42.     The September 15, 2020 letter stated in part:

Statement Date: 09-15-2020
Creditor: American Express
Our Reference # xxxxx963
American Express Account Ending In#: xxxxxxxx41004
Total Balance Due: $16,908.33

An opportunity to resolve your debt with American Express
Call 1-877-426-5514

Dear CAITLIN RICCIO:

Your outstanding balance for the American Express account listed above is past due and has been sent to us by American Express for collection efforts. At Firstsource Advantage, LLC, we know you want to put this debt behind you. To do so, please send the total amount due, made payable to Firstsource Advantage, LLC, in the enclosed envelope....

If you resolve the balance in full there may an opportunity for you to regain card membership with American Express. If you are eligible for, and accept this offer, one your balance on the account is paid in full, American Express will send you an application for the Optima Card. Your application will be approved unless:

- You have an active bankruptcy at the time of your application

- You have accepted another offer for an Optima card account from a different agency or from American Express.

- You have an active American Express account.

- American Express determines that you do not have the financial capacity to make the minimum payment on this new Optima Card account.

This communication id from a debt collector. This is am]n attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy to you. Upon your written request within the thirty-day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

43.    On or about September 17, 2020, FIRSTSOURCE sent yet another letter directly to Plaintiff. A copy of said letter is annexed hereto as <u>Exhibit E</u>.

44.    At the time FIRSTSOURCE sent the September 17, 2020 letter directly to Plaintiff, FIRSTSOURCE knew Plaintiff was represented by an attorney.

45.    At the time FIRSTSOURCE sent the September 17, 2020 letter directly to Plaintiff, FIRSTSOURCE knew or should have know that Plaintiff was represented by an attorney.

46.    Upon receipt, Plaintiff read the September 17, 2020 letter.

47.    The September 17, 2020 letter stated in part:

Statement Date: 09-17-2020
Creditor: American Express
Our Reference # xxxxx963
American Express Account Ending In#: xxxxxxxx41004
Total Balance Due: $16,908.33
Offer Expiration Date: 10-02-2020

Dear Caitlin Riccio:

We understand that you may be having difficulties paying the balance owed on your above-mentioned American  Express Account and we would like to work with you to come to a

solution.  We are writing to offer you the opportunity to settle your account by choosing one
of the options below:

**Settle for a Portion of the Balance Owed and Avoid Further Collection Efforts**

| Option #1 | Option #2 | Option #3 |
|---|---|---|
| Total Settlement Offer **$10,145.00** Number Of Payments **1** Monthly Payment Amount **$10,145.00** | Total Settlement Offer **$10,990.44** Number Of Payments **6** Monthly Payment Amount **$1,831.74** | Total Settlement Offer **$11,835.84** Number Of Payments **12** Monthly Payment Amount **$986.32** |

To accept one of these offers, you must call us at 1-833-524-0644 by 10-02-2020. Please note
we are not obligated to renew theses offers.

These opportunities allow you to resolve the balance owed on your American Express account
and avoid additional collection efforts……

## POLICY AND PRACTICES COMPLAINED OF

48.      It is FIRSTSOURCE'S policy and practice to send written collection
communications, in the form annexed hereto as Exhibit C, D, and E, which violate the FDCPA,
by *inter alia*:

>    (a)      Using false, deceptive or misleading representations or means in
>             connection with the collection of a debt;

>    (b)      Making a false representation of the character or amount of the debt; and

49.      On information and belief, FIRSTSOURCE sent written communications in the
form annexed hereto as Exhibit C, D, and E, to at least 40 natural persons in the State of New
Jersey with one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

50.      Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all
prior allegations as if set forth at length herein.

51.      Collection letters and/or notices, such as those sent by FIRSTSOURCE, are to be
evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52.     15 U.S.C. §1692c(a)(2) provides:

A debt collector may not communicate with a consumer in connection with the collection of any debt – If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney name and address….

53.     FIRSTSOURCE violated 15 U.S.C. §1692c(a)(2) because it knew that Plaintiff was represented by an attorney when it mailed the September 15, 2020 letter directly to Plaintiff.

54.     FIRSTSOURCE further violated 15 U.S.C. §1692c(a)(2) because it knew that Plaintiff was represented by an attorney when it mailed the September 17, 2020 letter directly to Plaintiff.

55.     15 U.S.C. §1692g(a) *et seq*.,  requires that a debt collector provide certain validation information to the consumer within five days after it initial communication with said consumer.

56.     FIRSTSOURCE violated §1692g(a) *et seq*., because it failed to provide the required validation information to Plaintiff within five days of its initial communication with Plaintiff.

57.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

58.     FIRSTSOURCE violated 15 U.S.C. § 1692e of the FDCPA by using  false, deceptive and misleading representations and means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

59.     FIRSTSOURCE violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

60.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

61.     FIRSTSOURCE violated 15 U.S.C. §1692e(10) by using a false representation and deceptive means as to communicating with Plaintiff after it knew or should have known the Plaintiff was represented by an attorney.

62.     FIRSTSOURCE violated 15 U.S.C. §1692e(10) by sending collection letters Plaintiff which are misleading as to what Plaintiff must do to to be able to obtain a new American Express Optima Card.

63.     The least sophisticated consumer upon reading the September 8, 2002, September 15, 2020, and the September  17, 2020 letters (all within 30 days) would be left confused as to what she must do to obtain a new Optima Card from American Express.

64.     The east sophisticated consumer upon reading the September 8, 2002, September 15, 2020, and the September  17, 2020 letters would be unsure if only after she "paid the balance in full" or "resolve the balance in full" would it then be possible to her to obtain an Optima Card.

65.     The least sophisticated consumer upon reading the September 8, 2002, September 15, 2020, and the September  17, 2020 letters would be unsure of whether or not interest on the account balance would continue to accrue and just not be added to the account balance until CSI completed its collection efforts.

66.     Reading the September 8, 2002, September 15, 2020, and the September  17, 2020 letters (all within 30 days) together, would have a least two meanings:

     a.)  Plaintiff must "pay" the balance in full of $16,908.33 in order apply for an Optima Card.
     b.)  Plaintiff must only "resolve" her balance in full, which would included paying only $10,145.00, in order apply for an Optima Card.

67.    At least one of the above readings of the collection letters sent by FIRSTSOURCE is inaccurate.

68.    FIRSTSOURCE further violated 15 U.S.C. §1692e(10) as the September 8, 2020 and September 15, 2020 letters fail to inform the least sophisticated consumer of the criteria used by American Express to determine if "you do not have the financial capacity to make the minimum on this new Optima Card account".

69.    The least sophisticated consumer upon reading the September 8, 2020 and September 15, 2020 letters would be enticed into paying the balance due or resolving the balance in anticipation of obtaining a new Optima Card.

70.    The least sophisticated consumer upon reading the September 8, 2020 and September 15, 2020 letters, would be enticed into paying the balance due or resolving the balance in anticipation of obtaining a new Optima Card without knowing how American Express will determine if she will actually be approved for the Optima Card.

71.    The least sophisticated consumer upon reading the September 8, 2020 and the September 15, 2020 letters would be deceived into paying and/or resolving a debt in anticipation of receiving a new Optima Card only to find out that is was determined that she did not qualify, after she already paid the debt.

72.    The least sophisticated consumer upon reading the February 13, 2020 letter would be unsure of whether or not account balance has an "interest free" period during CSI collections efforts.

73.    Plaintiff and others similarly situated, suffered an informational injury as a result of FIRSTSOURCE'S  violation of 15 U.S.C §1692 *et seq*.

74.    Plaintiff and others similarly situated, suffered a risk of economic injury as a result of FIRSTSOURCE'S violation of 15 U.S.C §1692 *et seq*.

75.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

76.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

77.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

78.    Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

79.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

80.    Plaintiff has suffered damages and other harm as a direct result of FIRSTSOURCE'S actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against FIRSTSOURCE'S as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: September 28, 2020

s/ Joseph K. Jones
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

s/ Joseph K. Jones
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: September 28, 2020

s/ Joseph K. Jones
Joseph K. Jones, Esq.

Exhibit

A

PO BOX 4043
CONCORD CA  94524-4043

# Alltran Financial, LP

| Creditor:  American Express |
| --- |
| Account:  XXXXXXXXXX41004 |
| Alltran ID: ▮▮▮▮▮ |
| Account Balance:  $16,908.33 |
| Partial Account Number for Your Security |

February 18, 2020

ADDRESS SERVICE REQUESTED

Caitlin Riccio

Alltran Financial, LP
PO BOX 722929
HOUSTON TX  77272-2929

Please detach at perforation and return with your payment.

Dear Caitlin Riccio:

This letter is being sent to you in response to your recent request. Our records indicate that the balance of the above-referenced account is $16,908.33.

Sincerely,

BEN SANTAMARIA,
866-740-3108 ext 3425

Alltran Financial, LP
P.O. Box 722929
HOUSTON TX  77272-2929

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Looking for a secure and more convenient way to pay your account?** Make payments with your Debit Card using your mobile phone or other electronic device at www.alltranfinancialpay.com to take advantage of this simple and free service available 24 hours a day.

| Creditor: American Express |
| --- |
| Account:  XXXXXXXXXX41004 |
| Alltran ID: ▮▮▮▮ |
| Account Balance:  $16,908.33 |

Office Hours (all times Central)
Monday-Thursday: 8 AM to 9 PM • Friday: 8 AM to 4 PM • Saturday: 7 AM to 11 AM

*·072979767·*

¡Traducción en español al lado reverso!

URS05003-0218-1335136194-02992-2992

# Exhibit

# B



P.O. Box 410
Ramsey, NJ 07446-0410

Acceptance – Please be sure to call 1-844-564-2178 by 07/27/2020
before returning this payment coupon with payment.

07/02/2020

| Notice Date: | 07/02/2020 |
|---|---|
| American Express® Account Number Ending: | 41004 |
| Offer Amount: | $10,990.44 |
| Offer Expiration: | 07/27/2020 |



100512-06A   2****AUTO**MIXED AADC 350
CAITLIN RICCIO
C/O JONES, WOLF & KAPASI ATTORNEY AT LAW
375 PASSAIC AVE STE 100
FAIRFIELD, NJ 07004-2000

**Make Payment To:**
**AMERICAN EXPRESS**
ATTN: Payment Processing
PO Box 650448
Dallas, TX 75265-0448

✂ PLEASE CUT ALONG LINE AND RETURN UPPER PORTION WITH PAYMENT ✂

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Re: American Express® Account Number Ending: 41004
Outstanding Balance: $16,908.33
Settlement Offer: $10,990.44 Expiration Date: 07/27/2020

Dear CAITLIN RICCIO:

American Express understands that you may be having difficulties paying the Outstanding Balance on your American Express account referenced above and would like to work with you to come to a solution. This letter offers you the opportunity to settle your account for $10,990.44.

### Pay $1,221.16 per month

Pay $10,990.44 over the next 9 months and your payments will be $1,221.16 a month.

### Call By 07/27/2020

To accept this offer you must call 1-844-564-2178 by 07/27/2020. Business hours are Monday through Friday between the hours of 8:00am to 6:00pm Eastern Time (ET). Please be advised that American Express is not obligated to renew this offer.

### Settle for a Portion of the Outstanding Balance and Avoid Further Collection Activity

This opportunity allows you to resolve the balance owed on your American Express account and avoid additional collection activities. Again, you must call 1-844-564-2178 by 07/27/2020 to accept this offer. You should understand and consider the terms of any settlement before agreeing to it.

Sincerely,

American Express Global Collections

**1-844-564-2178** Monday – Friday 8:00am to 6:00pm EST

Call us at 1-844-564-2178 and then you can make payments online at www.americanexpress.com/waytopay. Use reference code: 08735

0000027

SOI

# Exhibit

# C

Statement Date: 09-08-20
Creditor: American Express
Our Reference #: ███68963
American Express Account Ending In #: XXXXXXXXXX41004
Total Balance Due: $16,908.33

***firstsource***

Firstsource Advantage, LLC
205 Bryant Woods South, Amherst, NY 14228 • 1-877-426-5514

**Opportunity to Regain Card Membership**
**Call for Details**

Dear CAITLIN RICCIO:

American Express® has authorized us to make you a special offer. American Express values your previous relationship and would like to offer you the opportunity to regain Card Membership. You have been selected to receive an Optima Card application if you pay your balance in full on the American Express account referenced above.

After you pay your balance in full, American Express will send you an application for the new Optima Card. Your application will be approved by American Express unless:

- You have an active bankruptcy at the time of your application
- You have accepted another offer for an Optima Card account from a different agency or from American Express.
- You have an active American Express account.
- American Express determines that you do not have the financial capacity to make the minimum payment on this new Optima Card account.

If you'd like to know more about this offer, please call us at 1-877-426-5514 or login to our website at www.myadvantagefsa.com. We are available to assist you Monday and Tuesday 8am-9pm, Wednesday-Friday 8am-8pm and Saturday 8am-12pm.

Act now and call us today to make payment arrangements on your account.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Firstsource Advantage, LLC
A Professional Debt Recovery Agency

| Customer Service and Payment Information |
| --- |

☎ Telephone: Toll free: 1-877-426-5514      📠 TTY / TDD Users: 1-800-662-1220
ⓘ Office Hours (Eastern Time): Monday and Tuesday 8am-9pm, Wednesday-Friday 8am-8pm, Saturday 8am-12pm
✉ Send correspondence to: Firstsource Advantage, LLC, 205 Bryant Woods South, Amherst, NY 14228
🖱 For account information and payment options, you may access our website at www.myadvantagefsa.com

1 of 1

***Please Detach Lower Portion and Return with Your Payment***

562CZFRST02_OASIS_612756061

Do not send correspondence to this address.

CZFRST02
PO Box 1022
Wixom MI 48393-1022

CHANGE SERVICE REQUESTED

09-08-20

0013 007713

CAITLIN RICCIO
C/O JONES, WOLF & KAPASI ATTOR
375 PASSAIC AVE STE 100
FAIRFIELD NJ 07004-2000

| IF PAYING BY CREDIT CARD, FILL OUT BELOW. | | |
|---|---|---|
| ☐ VISA | ☐ MasterCard | |
| CARD NUMBER | | EXPIRATION DATE |
| SIGNATURE | | PAYMENT DATE |
| ACCOUNT # | BALANCE DUE | AMOUNT PAID |
| ▇▇▇▇ | $16,908.33 | $ |

Make Payment To:
FIRSTSOURCE ADVANTAGE, LLC
PO BOX 628
BUFFALO NY 14240-0628

**IMPORTANT: To receive proper credit, be sure to enclose this portion with your payment**



# Exhibit

# D

Statement Date: 09-15-20
Creditor: AMERICAN EXPRESS
Our Reference #: ███63
Creditor Account #: XXXXXXXXXX41004
Account Balance: $16,908.33

**firstsource**

Firstsource Advantage, LLC
205 Bryant Woods South, Amherst, NY 14228 • 1-877-426-5514

**An opportunity to resolve your debt with American Express
Call 1-877-426-5514**

Dear Caitlin Riccio:

Your outstanding balance for the American Express® account listed above is past due and has been sent to us by American Express for collections efforts. At Firstsource Advantage, LLC, we know you want to put this debt behind you. To do so, please send the total amount due, made payable to Firstsource Advantage, LLC, in the enclosed envelope.

In the event you are unable to send the total amount due, American Express has various payment options that may be available to you. Please call us toll-free at 1-877-426-5514 so that we can work with you and discuss options that are best suited for you.

If you resolve the balance in full, there may be an opportunity for you to regain card membership with American Express. If you are eligible for, and accept this offer, once the balance on the account is paid in full, American Express will send you an application for the Optima Card. Your application will be approved unless:

- You have an active bankruptcy at the time of your application.
- You have accepted another offer for an Optima Card account from a different agency or from American Express.
- You have an active American Express account.
- American Express determines that you do not have the financial capacity to make the minimum payment on this new Optima Card account.

We hope that you will address this matter. We are available Mon and Tues 8am-9pm, Wed – Fri 8am-8pm, Sat 8am-12pm Eastern Time.

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Upon your written request within the thirty-day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Firstsource Advantage, LLC
A Professional Debt Recovery Agency

✉ Send correspondence to: Firstsource Advantage, LLC, 205 Bryant Woods South, Amherst, NY 14228
🖨 For account information and payment options, you may access our website at www.myadvantagefsa.com
@ Contact us through email at emailus@na.firstsource.com

If you choose to contact us by email, please include the account reference number listed in this letter and write to us from the email we have on file for this account. If at any point you want to withdraw your e-mail consent please call us at 1-877-426-5514 or send an email requesting to be un-enrolled.

Please be advised that if you provide access to your email account to any other persons, such persons may be able to read the emails that we send to you. If you have provided us your work place email, it may be subject to your employer's email monitoring policies and therefore may be read by your employer. Some written communications will continue to be sent via regular mail.

562CZFRST02_N1OASIS_617922826

***Please Detach Lower Portion and Return with Your Payment***

**Do not send correspondence to this address.**

CZFRST02
PO Box 1022
Wixom MI 48393-1022
CHANGE SERVICE REQUESTED

09-15-20

CAITLIN RICCIO

| IF PAYING BY CREDIT CARD, FILL OUT BELOW. | | |
|---|---|---|
| ☐ VISA    ☐ MasterCard | | |
| CARD NUMBER | | EXPIRATION DATE |
| SIGNATURE | | PAYMENT DATE |
| ACCOUNT # | BALANCE DUE | AMOUNT PAID |
| ██963 | $16,908.33 | $ |

**Make Payment To:**
FIRSTSOURCE ADVANTAGE, LLC
PO BOX 628
BUFFALO NY 14240-0628

***IMPORTANT: To receive proper credit, be sure to enclose this portion with your payment***

# Exhibit

# E

Statement Date: 09-17-20
Creditor: AMERICAN EXPRESS
Account Number ending in #: XXXXXXXXX41004
Our Reference #: ████963
Balance Owed: $16,908.33
Offer Expiration Date: 10-02-20

**firstsource**

Firstsource Advantage, LLC
205 Bryant Woods South, Amherst, NY 14228 • 1-833-524-0644

Dear Caitlin Riccio:

We understand that you may be having difficulties paying the balance owed on your above-mentioned American Express® Account and we would like to work with you to come to a solution. We are writing to offer you the opportunity to settle your account by choosing one of the options below:

### Settle for a Portion of the Balance Owed and Avoid Further Collection Efforts

| Option #1 | Option #2 | Option #3 |
|---|---|---|
| Total Settlement Offer | Total Settlement Offer | Total Settlement Offer |
| **$10,145.00** | **$10,990.44** | **$11,835.84** |
| Number Of Payments | Number Of Payments | Number Of Payments |
| **1** | **6** | **12** |
| Monthly Payment Amount | Monthly Payment Amount | Monthly Payment Amount |
| **$10,145.00** | **$1,831.74** | **$986.32** |

### Call By 10-02-20

To accept one of these offers, you must call us at 1-833-524-0644 by 10-02-20. Please note, we are not obligated to renew these offers.

These opportunities allow you to resolve the balance owed on your American Express account and avoid additional collection efforts. Again, you must call us at 1-833-524-0644 by 10-02-20 to accept an offer.

We are available to assist you at the office hours listed below.

You should understand and consider the terms of any settlement before agreeing to it.

Sincerely,

Firstsource Advantage, LLC
A Professional Debt Recovery Agency
This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

### Customer Service and Payment Information

☎ Telephone: Toll free: 1-833-524-0644    ▤ TTY / TDD Users: 1-800-662-1220
🕐 Office Hours (Eastern Time): Monday and Tuesday 8am-9pm, Wednesday-Friday 8am-8pm, Saturday 8am-12pm
✉ Send correspondence to: Firstsource Advantage, LLC, 205 Bryant Woods South, Amherst, NY 14228
🖱 For account information and payment options, you may access our website at www.myadvantagefsa.com

562CZFRST02_AMXVSIF3_619403870

***Please Detach Lower Portion and Return with Your Payment***

**Do not send correspondence to this address.**

CZFRST02
PO Box 1022
Wixom MI 48393-1022
CHANGE SERVICE REQUESTED

09-17-20

| IF PAYING BY CREDIT CARD, FILL OUT BELOW. | | |
|---|---|---|
| ☐ VISA | ☐ MasterCard | |
| CARD NUMBER | | EXPIRATION DATE |
| SIGNATURE | | PAYMENT DATE |
| ACCOUNT # ████963 | $ | AMOUNT PAID |

CAITLIN RICCIO

**Make Payment To:**
FIRSTSOURCE ADVANTAGE, LLC
PO BOX 628
BUFFALO NY 14240-0628

*IMPORTANT: To receive proper credit, be sure to enclose this portion with your payment*